# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**RONALD MCCALISTER,**

    **Plaintiff,**

**v.**                                                       **Case No.  8:04-cv-2588-T-30TGW**

**HILLSBOROUGH COUNTY SHERIFF,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Set Aside, Alter and Amend Summary Judgment With Authority (Dkt. #36).  The Court, having considered Plaintiff's motion and memorandum, and being otherwise advised in the premises, finds that Plaintiff's motion should be denied.

To establish a prima facie case for discrimination, the plaintiff must show that he was treated differently than similarly situated employees outside of plaintiff's protected class. *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 279 (1976).  The gravamen of a discrimination case requires a plaintiff to show that a similarly situated employee outside of plaintiff's protected class was treated more favorably.  *Marcelin v. Eckerd Corporation of Florida, Inc.*, 2006 WL 923745, *4 (M.D. Fla. 2006), citing *Jones v. Bessemer Carraway Med. Ctr.*, 137 F. 3d 1306, 1313 (11th Cir. 1998), *superseded in part by* 151 F. 3d 1321 (11th Cir. 1998). Where a plaintiff fails to identify similarly situated, non-minority employees who were treated more favorably, his case must fail because the burden was on him to establish

his prima facie case. *Marcelin* at *5; *see also Armindo v. Padlocker, Inc.*, 209 F. 3d 1319, 1321 (11th Cir. 2000).

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Set Aside, Alter and Amend Summary Judgment With Authority (Dkt. #36) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on May 4, 2006.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2004\04-cv-2588.mt to set aside.wpd